1  GORDON I. ENDOW (SBN 99638)
   gendow@gordonrees.com
2  HEIDI J. KIM (SBN 247699)
   hkim@gordonrees.com
3  GORDON & REES LLP
   275 Battery Street, Suite 2000
4  San Francisco, CA  94111
   Telephone:     (415) 986-5900
5  Facsimile:      (415) 986-8054

6  ANTHONY PADUANO
   ap@pwlawyers.com
7  (*Pro Hac Vice*)
   KATHERINE B. HARRISON
8  kh@pwlawyers.com
   (*Pro Hac Vice*)
9  PADUANO & WEINTRAUB LLP
   1251 Avenue of the Americas, Ninth Floor
10 New York, New York  10020
   Telephone:     (212) 785-9100
11 Facsimile:      (212) 785-9099

12 Attorneys for Defendant
   THE BENCHMARK COMPANY, LLC
13

14              UNITED STATES DISTRICT COURT

15     NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

16 BENCHMARK CAPITAL HOLDINGS CO.,      )  CASE NO.  3:11-cv-04883 RS
   LLC,                                  )
17                                       )  **REPLY MEMORANDUM IN**
                          Plaintiff,     )  **FURTHER SUPPORT OF  THE**
18                                       )  **MOTION OF THE BENCHMARK**
           vs.                           )  **COMPANY, LLC TO DISMISS THE**
19                                       )  **FIRST AMENDED COMPLAINT**
   THE BENCHMARK COMPANY, LLC, and      )
20 DOES 1 through 10,                    )
                                         )
21                         Defendants.   )
                                         )
22 _____  )

23

24

25

26

27

28

*Gordon & Rees LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

## TABLE OF CONTENTS

**Page No.**

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT ....................................................................................1

ARGUMENT .................................................................................................................2

  I.  PLAINTIFF HAS NOT SUFFICIENTLY PLEADED A LANHAM ACT CLAIM ...........2

    A.  Plaintiff's Mark Is Weak ..............................................................................2

    B.  Plaintiff Has Not Pleaded A Likelihood Of Consumer Confusion ...................................4

  II.  PLAINTIFF HAS NOT ADEQUATELY PLEADED ITS STATE LAW CLAIMS ..................................6

  III.  PLAINTIFF'S CLAIMS SOUND IN FRAUD AND ARE SUBJECT TO RULE 9(B) ...................7

  IV.  PLAINTIFF'S OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE ARE WITHOUT MERIT ..................................8

    A.  The Court May Take Judicial Notice of Materials That Contradict the Complaint on a Motion to Dismiss ..............................9

    B.  Defendant's Web Site is Incorporated by Reference into the Complaint and is Thus Appropriate for Consideration on a Motion to Dismiss the Complaint .................10

    C.  The PTO and Similar Lists Reflecting Other Companies Using The Word "Benchmark" Are Appropriate for Judicial Review ........................11

    D.  Plaintiff's "Dispute" Of the Materials for which Judicial Notice Was Requested Is Not Reasonable .............................13

CONCLUSION..............................................................................................................15

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF AUTHORITIES**

Page No.

**Cases**

*Adaptive Marketing LLC v. Girard Gibbs LLP*,
No. CV 09-04739 RGK, 2009 WL 8464168 (C.D. Cal. Oct. 9, 2009) .......................... 4

*Alpha Industries, Inc. v. Alpha Steel Tube & Shapes, Inc.*,
616 F. 2d 440 (9th Cir. 1980) ................................................................................. 2

*AMF v. Sleekcraft Boats*,
599 F.2d 341 (9th Cir. 2003) ............................................................................. 4, 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................ 4

*Aten International Co., Ltd. v. Emine Tech. Co., Ltd.*,
No. SACV 09-0843 AG, 2010 WL 1462110 (C.D. Cal. April 12, 2010) .......... 9, 12, 14

*Autodesk, Inc. v. Dassault Systemes SolidWorks Corp.*,
No. C 08-04397 WHA, 2008 WL 6742224 (N.D. Cal. Dec. 18, 2008) ................ 12

*Baxter v. Intelius, Inc.*,
No. SAVC 09-1031 AG, 2010 WL 3791487 (C.D. Cal. Sept. 16, 2010)........... 5n, 9, 10

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................ 4

*Bridge v. E*Trade Securities LLC*,
No. C-11-2521 EMC, 2011 WL 5444266 (N.D. Cal. Nov. 9, 2011)................... 12

*Brookfield Communications, Inc. v. West Coast Entertainment Corp.*,
174 F. 3d 1036, 1058 (9th Cir. 1999) ..................................................................... 2

*Call v. Czaplicki*,
No. 09-6561, 2011 WL 2532712 (D.N.J. June 23, 2011).................................. 13

*Charles Schwab & Co., Inc. v. Carter*,
No. 04 C 7071, 2005 WL 2369815 (N.D. Ill. Sept. 27, 2005).......................... 13

*Coalition for ICANN Transparency, Inc. v. Verisign, Inc.*,
464 F. Supp. 2d 948 (N.D. Cal. 2006) .............................................................. 10

*Cohn v. Petsmart, Inc.*,
281 F. 3d 837 (9th Cir. 2002) ............................................................................. 5

*Dancy v. Aurora Loan Services, LLC*,
No. C 10-2602, 2011 WL 835787 (N.D. Cal. March 4, 2011) ......................... 14

*Daniels-Hall v. National Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010) ............................................................................. 13

*EcoDisc Technology AG v. DVD Format/Logo Licensing Corp.*,
711 F. Supp. 2d 1074 (C.D. Cal. 2010) ............................................................. 8

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ii

## <u>TABLE OF AUTHORITIES</u>

Page No.

*Eldorado Stone, LLC v. Renaissance Stone, Inc.*,
No. 04cv2562, 2005 WL 5517732 (S.D. Cal. May 31, 2005) ....................................................... 3

*Esoimeme v. Wells Fargo Bank*,
No. CIV S-10-2259, 2011 WL 3875881 (E.D. Cal. Sept. 1, 2011),
report and recommendation adopted, 2011 WL 5526068 (E.D. Cal. Nov. 14, 2011) ................... 6

*Estee Lauder Inc. v. The Gap, Inc.*,
108 F3d 1503 (2d Cir. 1997).......................................................................................................... 3

*Farrelly v. Polarclad, Inc.*,
No. 11-CV-04268-PSG, 2011 WL 5864080 (N.D. Cal. Nov. 22, 2011)........................................ 9

*Fleischer Studios, Inc. v. A.V.E.L.A. Inc.*,
772 F. Supp. 2d 1155 (C.D. Cal. 2009),
aff'd, 636 F. 3d 1115 (9th Cir.),
opinion withdrawn and superseded on denial of rehearing,
654 F. 3d 958 (9th Cir. 2011) ...................................................................................................... 12

*Icon Enterprises Intern., Inc. v. American Products Co.*,
No. CV 04-1240 SVW, 2004 WL 5644805 (C.D. Cal. Oct. 7, 2004) .......................................... 12

*In re Forchion*,
198 Cal. App. 4th 1284, 130 Cal. Rptr. 3d 690 (2011)................................................................ 10

*In re Sterling Foster & Co., Inc. Sec. Lit.*,
222 F. Supp. 2d 216 (E.D.N.Y. 2002) ......................................................................................... 13

*Instant Media, Inc. v. Microsoft Corp.*,
No. C 07-02639 SBA, 2007 WL 2318948 (N.D. Cal. Aug. 13, 2007).......................................... 3

*Intel Corp. v. Americas News Intel Publishing, LLC*,
No. C 09-05085 CRB, 2010 WL 2740063 (N.D. Cal. July 12, 2010).......................................... 5

*Jada Toys, Inc. v. Mattel, Inc.*,
518 F.3d 628 (9th Cir. 2008) ...................................................................................................... 6n

*Knievel v. EPSN*,
393 F.3d 1068 (9th Cir. 2005) .................................................................................................... 11

*M2 Software, Inc. v. Madacy Entertainment*,
421 F.3d 1073, 1081 (9th Cir. 2005),
cert denied, 547 U.S. 1069 (2006) ......................................................................................... 2, 14

*Malhotra v. The Equitable Life Assurance Society of the United States*,
364 F. Supp. 2d 299 (E.D.N.Y. 2005) ......................................................................................... 13

*Marvel Enterprises, Inc. v. NCSoft Corp.*,
No. CV 04-9253RGKPLAX, 2005 WL 878090 (C.D. Cal. March 9, 2005) ................................. 4

*Matrix Motor Co., Inc. v. Toyota Jidosha Kabuskiki Kaisha*,
290 F. Supp. 2d 1083 (C.D. Cal. 2003) ................................................................................... 2, 3

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS     CASE NO. 3:11-CV-04833-RS

## TABLE OF AUTHORITIES

**Page No.**

*Mattel, Inc. v. Walking Mountain Prods.*,
353 F.3d 792 (9th Cir. 2003) ................................................................................ 4

*Moose Creek, Inc. v. Abercrombie & Fitch Co.*,
331 F. Supp. 2d 1214 (C.D. Cal.),
aff'd, 114 Fed. Appx. 921 (9th Cir. 2004). .......................................................... 6

*Mora v. Harley-Davidson Credit Corp.*,
No. 1:08-cv-01453 OWW GSA, 2009 WL 1953433 (E.D. Cal. July 7, 2009). ........................... 9

*Murray v. Cable Nat. Broadcasting Co.*,
86 F. 3d 858 (9th Cir. 1996),
cert. denied, 519 U.S. 1058 (1997) ................................................................... 4, 6

*Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*,
638 F.3d 1137 (9th Cir. 2011) ............................................................................ 2

*Owen v. OCWen Loan Service, LLC*,
No. SACV 11-0924 AG, 2011 WL 4101479 (C.D. Cal., Sept. 12, 2011).................................... 9

*Patel v. Parnes*,
253 F.R.D. 531 (C.D. Cal., 2008) ........................................................................ 9

*Planet Coffee Roasters, Inc. v. Dam*,
No. SACV 09-00571-MLG, 2009 WL 2486457 (C.D. Cal. Aug. 12, 2009)................................... 8

*PostX Corp. v. docSpace Co., Inc.*,
80 F. Supp. 2d 1056 (N.D. Cal. 1999) ................................................................... 3

*Quia Corp. v. Mattel, Inc.*,
No. C 10-1902, 2010 WL 2486364 (N.D. Cal. 2010) ...................................................... 2

*Rodan & Fields, LLC v. The Estee Lauder Companies, Inc.*,
No. 10-CV-02451, 2010 WL 3910178 (N.D. Cal. Oct. 5, 2010) ......................................... 12

*Sensible Foods, LLC v. World Gourmet, Inc.*,
No. 11-2819 SC, 2011 WL 5244716 (N.D. Cal. Nov. 3, 2011) ........................................... 8

*Sorenson v. Fein Power Tools*,
No. 09cv558 BTM, 2009 WL 3157487 (S.D. Cal. Sept. 28, 2009)........................................ 12

*Super-Krete International, Inc. v. Sadleir*,
712 F. Supp. 2d 1023 (C.D. Cal. 2010) ................................................................ 12

*Toho Co., Ltd. v. Sears, Roebuck & Co.*,
645 F.2d 788 (9th Cir. 1981) ............................................................................ 4

*Woods v. Google Inc.*,
No. 05:11-cv-1263-JF, 2011 WL 3501403 (Aug. 10, 2011) .............................................. 10

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

**Other Authorities**

15 U.S.C. § 1125(a) ............................................................................................................. 8

15 U.S.C. § 1125(a)(1)(B) .................................................................................................. 8

Cal. Bus. & Prof. Code § 17200 ................................................................................... 6, 8

Cal. Bus. & Prof. Code § 17500 ...................................................................................... 6

Federal Rule of Evidence 201 ........................................................................................ 13

Federal Rule of Civil Procedure 12(b)(6) ....................................................................... 5

Federal Rule of Civil Procedure 9(b) .......................................................................... 7, 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS     CASE NO. 3:11-CV-04833-RS

1  Defendant The Benchmark Company, LLC ("Benchmark" or "Defendant") respectfully

2  submits this Reply Memorandum of law in further support of its Motion to Dismiss the First

3  Amended Complaint (the "Complaint") of Plaintiff Benchmark Capital Holdings Co., LLC

4  ("Benchmark Capital" or "Plaintiff").

5                              <u>PRELIMINARY STATEMENT</u>

6  Despite the indisputable reality that hundreds of companies, including several within the

7  financial services industry, call themselves "Benchmark," Plaintiff asserts that Defendant's name

8  infringes its mark. Plaintiff waited years to sue Defendant, apparently content to live with

9  Defendant's use of the word probably because, as the Complaint makes clear, no consumer was

10  actually confused. Plaintiff has not suffered – nor alleged – any injury to its business caused by

11  Defendant's use of the word "Benchmark." Instead, Plaintiff has compiled a list of conclusory

12  allegations, which cannot withstand the motion to dismiss.

13  To defeat this motion to dismiss, Plaintiff is required to, but has not identified facts in the

14  Complaint giving rise to a reasonable inference that consumers – in this case sophisticated

15  institutions and businesspeople – are likely to be confused by the alleged similarities of

16  Plaintiff's and Defendant's names. Rather than address this glaring deficiency in its Complaint,

17  however, Plaintiff argues about the proper pleading standard and urges the Court not to view the

18  facts alleged in any fair context. Plaintiff thus hopes to deflect attention from the real issue on

19  this motion: Plaintiff has pleaded, at best, confusion by the media and Plaintiff's own "business

20  contacts" but not confusion or likely confusion by consumers.

21  Plaintiff makes numerous allegations as to the allegedly infringing portions of

22  Defendant's web site that reach far beyond its home page. Plaintiff has even attached a

23  supposedly offending download from Defendant's web site to the Complaint. Plaintiff has also

24  cut and pasted the supposedly infringing word and graphic "Benchmark" from Defendant's web

25  site, into the Complaint. Yet, when Defendant suggests the Court take judicial notice of

26  Defendant's entire web site based on the Complaint's obvious reliance upon it, Plaintiff absurdly

27  argues that Plaintiff's web site should not be considered by the Court because it is "irrelevant."

28  (Opp. p. 11.) Plaintiff goes to great lengths to urge the Court not to view Defendant's entire web

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1

site, mindful that a review of the allegedly infringing materials – as they would actually be viewed in the marketplace – will destroy its claims.

<u>ARGUMENT</u>

I.    PLAINTIFF HAS NOT SUFFICIENTLY PLEADED A LANHAM ACT CLAIM

    A.    <u>Plaintiff's Mark Is Weak</u>

Plaintiff argues that its mark is suggestive and thus entitled to protection, or alternately, that it is descriptive and has acquired secondary meaning.  (Opp. p. 7)  Plaintiff's reliance on *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137 (9th Cir. 2011) to support the proposition that suggestive marks are "inherently distinctive and … automatically entitled to protection" is misplaced. Not only does that case not contain the quote Plaintiff attributes to it, *Network Automation* actually confirms that suggestive marks are presumptively weak absent secondary meaning: "Commercial strength is based on 'actual marketplace recognition' and thus 'advertising expenditures can transform a suggestive mark into a strong mark." *Id.* at 1149, quoting *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F. 3d 1036, 1058 (9th Cir. 1999).  See also *M2 Software, Inc. v. Madacy Entertainment*, 421 F.3d 1073, 1081 (9th Cir. 2005) ("a suggestive or descriptive mark [] is conceptually weak"), *cert denied*, 547 U.S. 1069 (2006); *Quia Corp. v. Mattel, Inc.*, No. C 10-1902, 2010 WL 2486364, at *5 (N.D. Cal. 2010) (same).

Regardless of whether the mark is generic, descriptive or suggestive, Plaintiff's argument that its mark is strengthened because it has acquired secondary meaning fails in this case because even conceptually strong marks "may be classified as weak where there has been extensive third party use of similar marks."  *Matrix Motor Co., Inc. v. Toyota Jidosha Kabuskiki Kaisha*, 290 F. Supp. 2d 1083, 1091 (C.D. Cal. 2003) (finding "Matrix" mark "exceedingly weak and diluted" in light of "at least twenty" third-party uses of the mark).  See *Alpha Industries, Inc. v. Alpha Steel Tube & Shapes, Inc.*, 616 F. 2d 440, 445 (9th Cir. 1980) ("the word ALPHA is in common usage and has meaning in the English language, … occurs in widespread use as a tradename or trademark [and] ALPHA as part of a trademark … is weak"); *Instant Media, Inc. v. Microsoft*

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  *Corp.*, No. C 07-02639 SBA, 2007 WL 2318948, at *12 (N.D. Cal. Aug. 13, 2007) ("Where a

2  plaintiff's mark resides in a crowded field, 'hemmed in on all sides by similar marks on similar

3  goods,' that mark is weak as a matter of law"), quoting *PostX Corp. v. docSpace Co., Inc.*, 80 F.

4  Supp. 2d 1056, 1061 (N.D. Cal. 1999) ("evidence of over a dozen other marks used by third

5  party companies which incorporate" elements of Plaintiff's mark "weakens plaintiff's mark");

6  *Eldorado Stone, LLC v. Renaissance Stone, Inc.*, No. 04cv2562, 2005 WL 5517732, at *6 (S.D.

7  Cal. May 31, 2005) ("The fact that Eldorado's marks are similar to many other marks used in the

8  industry weakens Eldorado's marks"). See also *Estee Lauder Inc. v. The Gap, Inc.*, 108 F3d

9  1503, 1511 (2d Cir. 1997) (finding that mark was weak where "more than 70 trademark

10  registrations, pending applications for registration or renewal, or publications-for-opposition"

11  incorporated the term and "some of those marks" were in the same field).

12         Plaintiff disputes that this Court should take judicial notice of several documents

13  available on the United States Patent and Trademark Office ("PTO") web site, including an

14  extensive list of companies with names containing the word "Benchmark."[1]   Plaintiff also

15  argues that the list shows "at most … the mere fact of the registration of certain names, many of

16  which include the word 'benchmark.'" (Opp. p. 10)  This is precisely why Defendant has

17  submitted the PTO documents: to demonstrate that Plaintiff's mark is only one in a "crowded

18  field" of similar marks and thus is "exceedingly weak."  *Matrix Motor Co., Inc.*, 290 F. Supp. 2d

19  at 1091.  Plaintiff's statement that the PTO list includes registrations for companies that "appear

20  to relate to a wide variety of industries" (Opp. p. 11) conveniently ignores the great number of

21  companies that appear to be in the financial services industry, including companies named

22  "Benchmark Capital" that have been registered with the various states.  Plaintiff's mark of a

23  common noun is thus exceedingly weak and should therefore be accorded little, if any,

24  protection.

25

26

27

28

---

[1]  As is discussed in IV *infra*, such documents are entirely appropriate subjects for judicial notice.

REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS     CASE NO. 3:11-CV-04833-RS

B.     Plaintiff Has Not Pleaded A Likelihood Of Consumer Confusion

Plaintiff argues that it "has alleged facts sufficient to show that members of the public are likely to be confused and deceived by Benchmark Company's use of the mark."  (Opp. p. 17)  Yet Plaintiff does nothing to address the incurable flaw in the Complaint: that it does not plead any specific facts concerning consumer confusion.  Plaintiff's conclusory assertion of "widespread consumer confusion" does not cure this deficit and is insufficient to survive a motion to dismiss under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Despite Plaintiff's contention to the contrary, courts in this Circuit grant motions to dismiss on claims similar to Plaintiff's, where the plaintiff failed to adequately plead a likelihood of consumer confusion. See, e.g.,  *Murray v. Cable Nat. Broadcasting Co.*, 86 F. 3d 858, 860 (9th Cir. 1996) (affirming motion to dismiss and noting that the district court was not precluded "from determining likelihood of confusion as a matter of law"), cert. denied, 519 U.S. 1058 (1997); *Toho Co., Ltd. v. Sears, Roebuck & Co.*, 645 F.2d 788, 791 (9th Cir. 1981) (affirming motion to dismiss Lanham Act false designation of origin claim where plaintiff "has not alleged facts that would permit a conclusion that consumers are likely to be confused as to source or sponsorship" of goods); *Adaptive Marketing LLC v. Girard Gibbs LLP*, No. CV 09-04739 RGK, 2009 WL 8464168, at *4 (C.D. Cal. Oct. 9, 2009); *Marvel Enterprises, Inc. v. NCSoft Corp.*, No. CV 04-9253RGKPLAX, 2005 WL 878090 (C.D. Cal. March 9, 2005).

Plaintiff seeks to avoid the elements of its own claim, declining to "respond in detail" to Defendant's analysis of the eight factors set forth in *AMF v. Sleekcraft Boats*, 599 F.2d 341, 348-349 (9th Cir. 2003), abrogated in part on other grounds as recognized in *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003) (the "Sleekcraft factors").  Plaintiff whines that "a plaintiff need not plead … the Sleekcraft factors at the pleading stage."  (Opp. p. 14)  Yet Plaintiff acknowledges that it needs to plead that "defendant's use of the mark caused or is likely to cause confusion."  (Opp. p. 11)  As Defendant argues and Plaintiff does not dispute, courts in the Ninth Circuit consider the Sleekcraft factors in determining whether there exists a likelihood of confusion.  Consequently, these factors may be considered on a motion to dismiss.  *Murray v.*

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

4

1   *Cable Nat. Broadcasting Co.*, 86 F. 3d 858, 860 (9th Cir. 1996) (affirming Rule 12(b)(6)

2   dismissal and noting that "[a]n eight-factor test is employed to determine whether a likelihood of

3   confusion exists"); *Intel Corp. v. Americas News Intel Publishing*, LLC, No. C 09-05085 CRB,

4   2010 WL 2740063 (N.D. Cal. July 12, 2010) (Breyer, J.) (considering Sleekcraft factors on

5   motion to dismiss, and denying motion where it was undisputed that Plaintiff's mark "is among

6   the most famous and distinctive in the world").

7          Because there is no actual confusion here, Plaintiff argues that proof of "'actual

8   confusion' … is not required at the pleading stage." (Opp. p. 13)  However, "actual" confusion

9   is a factor to consider in determining whether Plaintiff has sufficiently alleged a likelihood of

10  confusion, see *Sleekcraft Boats*, 599 F.2d at 348-349.  Indeed, "lack of evidence about actual

11  confusion after an ample opportunity for confusion can be a powerful indication that the junior

12  trademark does not cause a meaningful likelihood of confusion."  *Cohn v. Petsmart, Inc.*, 281 F.

13  3d 837, 843 (9th Cir. 2002) (internal quotation omitted).  The absence of allegations of actual

14  confusion is especially telling given how long Plaintiff's and Defendant's services have

15  coexisted in the marketplace.  Plaintiff states that it was founded in 1995 (Compl. ¶6) and it is

16  clear from the Complaint that this dispute is not a recent development.  For example, Plaintiff

17  alleges that it has "repeatedly demand[ed] that Benchmark Company … choose a more accurate

18  Internet domain name."  (Compl. ¶ 17)

19         The Complaint alleges correctly that Defendant's web site makes available its analysts'

20  biographies.[2]  (Compl. ¶ 13)  The biography of one such analyst states that he began working for

21  Defendant in 2004.  Plaintiff and Defendant have thus coexisted for at least seven years. The fact

22  that Plaintiff cannot allege even one specific example of consumer confusion over the past seven

23  (or more) years is compelling evidence that there is no likelihood of actual confusion.  See, e.g.,

24  *Cohn v. Petsmart, Inc.*, 281 F. 3d 837, 842-843 (9th Cir. 2002) (where the parties used the same

25  mark to market related goods for several years, "some evidence of actual confusion should have

26  become available if [Defendant's] coexisting use had created a genuine likelihood of

27  _____

28  [2]  *See Baxter v. Intelius, Inc.,* No. SAVC 09-1031 AG, 2010 WL 3791487, at *2 (C.D. Cal. Sept. 16, 2010) (considering web page in determining motion to dismiss under principle of incorporation by reference where the Complaint "referred repeatedly to" it).

REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS      CASE NO. 3:11-CV-04833-RS

*Gordon & Rees LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

confusion"); *Moose Creek, Inc. v. Abercrombie & Fitch Co.*, 331 F. Supp. 2d 1214, 1230 (C.D. Cal.) (finding "one instance of confusion, experienced by one of Plaintiff's thousand customers during the past three and a half years … is very weak evidence of confusion. . . . Under these circumstances, such confusion has not, and is not likely to occur in any substantial manner"), *aff'd*, 114 Fed. Appx. 921 (9th Cir. 2004).

Furthermore, Plaintiff's vague assertions of media confusion and confusion among its "business contacts" simply do not allege any likelihood of the type of confusion that the Lanham Act seeks to proscribe.  Rather, "[a] likelihood of confusion exists when a consumer viewing a service mark is likely to purchase the services under a mistaken belief that the services are, or associated with, the services of another provider."  *Murray v. Cable Nat. Broadcasting Co.*, 86 F. 3d 858, 861 (9th Cir. 1996).  "The confusion must be probable, not simple a possibility."  *Id.* (quotation omitted).[3]

## II.   PLAINTIFF HAS NOT ADEQUATELY PLEADED ITS STATE LAW CLAIMS

Similar pleading deficiencies pervade Plaintiff's claims under Cal. Bus. & Prof. Code § 17200 (the "Unfair Competition Law" or "UCL") and Cal. Bus. & Prof. Code § 17500 (the "False Advertising Law" or "FAL").  Like Lanham Act claims, both UCL and FAL claims hinge on whether Plaintiff has demonstrated a likelihood of consumer confusion.[4]  Because Plaintiff's Complaint fails to adequately plead a likelihood of consumer confusion, Plaintiff's claims under the UCL and FAL must fail.

In response to Defendant's standing argument based on Plaintiff's failure to plead any injury, Plaintiff points to barely a handful of allegations in the Complaint that refer to its supposed injury, including the conclusory allegations that "unless enjoined," Defendant "will continue to cause" Plaintiff "irreparable damage, loss, and injury."  (Opp. p. 19, Compl. ¶¶ 44, 50)  These allegations are forward looking and speculative, and certainly do not allege that

---

[3]  Plaintiff's common law claims should be dismissed on the same basis.

[4]  *See, e.g., Jada Toys, Inc. v. Mattel, Inc.,* 518 F.3d 628, 632 (9th Cir. 2008); *Esoimeme v. Wells Fargo Bank,* No. CIV S-10-2259, 2011 WL 3875881, at *8 (E.D. Cal. Sept. 1, 2011), report and recommendation adopted, 2011 WL 5526068 (E.D. Cal. Nov. 14, 2011).

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Plaintiff has "suffered injury in fact" or "lost money" as is required by the statutes.  *Claridge v.*

2   *RockYou, Inc.*, 785 F. Supp. 2d 855 (N.D. Cal. 2011) (Hamilton, J.) (under "the UCL's standing

3   requirements … when we say someone has "lost" money we mean that he has parted,

4   deliberately or otherwise, with some identifiable sum").  See also *Low v. LinkedIn Corp.*, No. 11-

5   CV-01468-LHK, 2011 WL 5509848, at *4 (N.D. Cal. Nov. 11, 2011) (Koh, J.) (granting motion

6   to dismiss causes of action, including under the UCL and FAL, where factual allegations were

7   "insufficient to establish an injury-in-fact that is concrete and particularized, as well as actual

8   and imminent"); *Birdsong v. Apple, Inc.*, 590 F.3d 955, 960-961 (9th Cir. 2009) (finding lack of

9   standing under the UCL due to the "conjectural and hypothetical nature" of the alleged injury).

10       Plaintiff argues that it "has been forced to spend money monitoring news outlets,

11   including retaining a public relations firm to notify media outlets whenever they mistakenly

12   identify" Defendant as Plaintiff.  (Opp. p. 18, Compl. ¶ 16)  However, Plaintiff's voluntary

13   efforts to correct careless or stupid mistakes by media outlets do not constitute an injury

14   sufficient to confer standing.  Plaintiff's last example of "injury in fact" is that is had to "spend

15   money repeatedly demanding" that Defendant "choose a more accurate Internet domain name."

16   (Opp. p. 19, Compl. ¶ 17)  This last example is essentially a claim that it has incurred attorneys'

17   fees, which is insufficient to establish standing pursuant to these statutes.  This Court had no

18   trouble rejecting such a claim in *Cordon v. Wachovia Mortg.*, 776 F. Supp. 2d 1029, 1039 (N.D.

19   Cal. 2011) (Armstrong, J.) (finding that plaintiff lacked standing to bring UCL claim where her

20   alleged injury included, inter alia, "fees and costs in bringing this action").  The Court explained:

21   "Under Plaintiff's reasoning, a private plaintiff bringing a UCL claim automatically would have

22   standing merely by filing suit" and incurring the costs attendant to so doing.  *Id.* at 1039.

23   **III.   PLAINTIFF'S CLAIMS SOUND IN FRAUD AND ARE SUBJECT TO**
24   **        RULE 9(B)**

25       Plaintiff asserts that Rule 9(b) does not apply to this litigation, because "[t]here is no

26   requirement of pleading with particularity" in trademark cases.  (Opp. p. 1)  However, courts in

27   this Circuit have applied the Rule 9(b) heightened pleading standard to cases asserting the same

28   causes of action as does Plaintiff where the complaint "sounds in fraud." See, e.g., *Sensible*

7

*Foods, LLC v. World Gourmet, Inc.*, No. 11-2819 SC, 2011 WL 5244716, at *7 (N.D. Cal. Nov. 3, 2011) (Conti, J.) ("False advertising under section 17500 of the California Business and Professions Code is a claim sounding in fraud … Accordingly, it is subject to the heightened pleading requirements for fraud claims" under Rule 9(b), and the same applies to "a federal claim for false advertising under the Lanham Act"); *EcoDisc Technology AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074 (C.D. Cal. 2010)(granting motion to dismiss after applying Rule 9(b) pleading standard to claim of false advertising pursuant to the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)); *Planet Coffee Roasters, Inc. v. Dam*, No. SACV 09-00571-MLG, 2009 WL 2486457 (C.D. Cal. Aug. 12, 2009) (applying Rule 9(b) standard to claims for unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code § 17200, and California common law).

The Complaint repeatedly asserts that Defendant has perpetrated fraudulent conduct, for example, that Defendant made "false and misleading representations of fact" (Compl. ¶ 21), and that its acts are "deceptive" (Compl. ¶ 40) and likely to "mislead the general public," (Compl. ¶ 39), and these conclusory allegations really form the basis of Plaintiff's Complaint. Because they sound in fraud, the entire Complaint should be subject to the pleading requirements of Rule 9(b).

## IV. PLAINTIFF'S OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE ARE WITHOUT MERIT

Plaintiff fears a fair analysis of its allegations viewed in context so much that it submitted an entire extra brief complaining of Defendant's request for judicial notice of a few government documents and Defendant's entire web site. Plaintiff's extraneous brief contains evidentiary objections and is improper pursuant to Local Civil Rule 7-3 of the Northern District of California, which requires that "any evidentiary and procedural objections to the motion must be contained within the brief or memorandum … [and] may not exceed 25 pages of text." Plaintiff should not be permitted to circumvent the page limit on its opposition brief by filing an additional brief. Plaintiff's arguments should thus be disregarded.

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS     CASE NO. 3:11-CV-04833-RS

1

2

**A.   The Court May Take Judicial Notice of Materials That Contradict the Complaint on a Motion to Dismiss**

3

4       In Plaintiff's Opposition to Defendant's Request for Judicial Notice (the "J.N. Opp."),

5   Plaintiff incorrectly asserts that "factual allegations about likelihood of confusion … must be

6   taken as true on a motion to dismiss" (J.N. Opp. p. 1), and further objects that facts on

7   Defendant's website "conflict with the allegations of the complaint."  (J.N. Opp. p. 4)  However,

8   "[t]he court need not accept as true allegations that contradict facts which may be judicially

9   noticed."  *Mora v. Harley-Davidson Credit Corp.*, No. 1:08-cv-01453 OWW GSA, 2009 WL

10  1953433, at *2 (E.D. Cal. July 7, 2009).  See *Farrelly v. Polarclad, Inc.*, No. 11-CV-04268-PSG,

11  2011 WL 5864080, at *2 (N.D. Cal. Nov. 22, 2011) (taking judicial notice of documents

12  available on the World Intellectual Property Organization web site and granting motion to

13  dismiss, stating that "the court need not accept as true allegations that contradict matters that are

14  [] subject to judicial notice").  See also *Patel v. Parnes*, 253 F.R.D. 531, 544 (C.D. Cal., 2008)

15  ("The court is not required to accept as true conclusory allegations which are contradicted by

16  documents referred to in the complaint").

17      It is thus clear that "[f]acts subject to judicial notice may be considered on a motion to

18  dismiss."  *Owen v. OCWen Loan Service, LLC*, No. SACV 11-0924 AG, 2011 WL 4101479, at

19  *1 (C.D. Cal., Sept. 12, 2011). See also *Aten International Co., Ltd. v. Emine Tech. Co., Ltd.*,

20  No. SACV 09-0843 AG, 2010 WL 1462110, at *1 (C.D. Cal. April 12, 2010) (granting

21  defendant's request for judicial notice of, inter alia, a PTO report).  "Judicial notice may be

22  necessary to prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting

23  …. documents upon which their claims are based."  *Baxter v. Intelius, Inc.*, No. SAVC 09-1031

24  AG, 2010 WL 3791487, at *1 (C.D. Cal. Sept. 16, 2010) (internal quotation omitted) (taking

25  consideration of web page by both judicial notice and under the principle of incorporation by

26  reference).

27

28

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

9

B.     Defendant's Web Site is Incorporated by Reference into the
       Complaint and is Thus Appropriate for Consideration on a Motion to
       Dismiss the Complaint

"Generally a court must restrict itself to considering pleadings and attachments in a

motion to dismiss.  But when certain documents are central to the claims and are referred to by

the plaintiffs in the pleadings, they can be deemed part of the pleadings."  *Baxter v. Intelius, Inc.*,

No. SAVC 09-1031 AG, 2010 WL 3791487, at *2 (C.D. Cal. Sept. 16, 2010) (considering web

page by judicial notice and incorporation by reference where "Plaintiffs referred repeatedly to"

the web page, and granting motion to dismiss claims of unfair competition and false advertising).

See also *Woods v. Google Inc.*, No. 05:11-cv-1263-JF, 2011 WL 3501403, at *1, n2 (Aug. 10,

2011) (Fogel, J.) (taking judicial notice of web site "repeatedly referenced in the complaint");

*Coalition for ICANN Transparency, Inc. v. Verisign, Inc.*, 464 F. Supp. 2d 948, 954 n1 (N.D.

Cal. 2006) (taking judicial notice of documents available on web site "and to which several of

[Plaintiff's] allegations reference"); *In re Forchion*, 198 Cal. App. 4th 1284, 1287, 130 Cal. Rptr.

3d 690, 692-693 (2011) (where the allegations and appeal involved the content of a web site, the

Court took "judicial notice of the content of [the] Web site and any other Web site to which it

provides a link").

In asserting that Defendant's "entire website is not referenced by or incorporated into the

complaint," (J.N. Opp. p. 1), Plaintiff ignores the fact that its own Complaint is teeming with

references to Defendant's web site, including the following:

- •     Defendant's "own website claims that the firm's services include 'venture capital'
        and 'capital markets strategic evaluation'" (Compl. ¶8);

- •     Defendant "now offers 'recent research' in, among other things, 'enterprise
        software,' 'Internet, media, and communications,' and 'semiconductors and
        related technology'" (Compl. ¶8);

- •     Defendant's "website at benchmarkcap.com features a logo consisting of the
        name "Benchmark" (without "Company") in an all-capital serif font similar to
        Benchmark Capital's logo and displayed in a nearly identical shade of blue"
        (Compl. ¶12);

- •     Defendant's "website makes available for download a one-page document titled
        'Coverage-Universe.pdf.' … At the top of this document is the misleading
        'BENCHMARK' logo; at the bottom, a sentence that says 'Please visit
        www.Benchmarkcap.com for full disclosures.'" (Compl. ¶13);

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

10

- Defendant's "website also makes available at least 14 analyst biographies that, in similar fashion, prominently display the misleading 'BENCHMARK' logo" (Compl. ¶13); and

- Plaintiff has "repeatedly demand[ed that Defendant …] desist from using benchmarkcap.com and add disclaimers to its documentation and website" (Compl. ¶17).

Given the frequency with which it refers to Defendant's web site within the Complaint, and given that it complains that Defendant's web site "create[s] confusion in the marketplace," (Compl. ¶18), Plaintiff's assertion that the website is not "incorporated into the complaint" (J.N. Opp. p. 1) is laughable.

In *Knievel v. EPSN*, 393 F.3d 1068 (9th Cir. 2005), the Ninth Circuit considered the contents of an entire web site in affirming the granting of a motion to dismiss.  In that case, the contents of the website were "at the center of Plaintiff's allegations," the website was "mentioned in the complaint and copies of some of the pictures [we]re attached to the complaint," and in order to access some of the allegedly offending materials "one must first view [other portions of the web site] in order to access" the materials in question.  *Id.* at 1076-1077.  The Ninth Circuit emphasized that "[t]he rationale of the incorporation by reference doctrine applies with equal force to internet pages as it does to printed material.  Just as a reader must absorb a printed statement in the context of the media in which it appears, a computer user necessarily views web pages in the context of the links through which the user accessed those pages."  *Knievel v. ESPN*, 393 F. 3d 1068, 1075 (9th Cir. 2005).

C.    The PTO and Similar Lists Reflecting Other Companies Using The Word "Benchmark" Are Appropriate for Judicial Review

Plaintiff further argues that the materials submitted by Defendant as Exhibits A through D to the Declaration of Jillian A. Lazar should not be considered because they are "irrelevant to the motion to dismiss."  (Opp. p. 2)  These materials include a list of companies with names containing the word "benchmark" as registered with the PTO and available on the PTO web site; the image library for the marks associated with companies containing the word "benchmark," as registered with the PTO and available on the PTO web site; a record of Financial Industry

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

11

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    Regulatory Authority ("FINRA") companies with names containing the word "benchmark" as

2    available on the FINRA web site; and records reflecting the registration of firms containing the

3    term "Benchmark Capital" as are available through the Securities and Exchange Commission

4    web site, and the web sites of the states of California, Florida and Michigan. Contrary to

5    Plaintiff's contentions, these materials are highly relevant to determining the strength of

6    Plaintiff's mark.  Plaintiff's assertion that "the strength of the mark is one of the Sleekcraft

7    factors, and the question of whether a mark is generic or protectable is a question of fact … [not]

8    to be decided on a motion to dismiss" (Opp. p. 3) misstates the law.  Whether Plaintiff has a

9    protectable interest in the mark is a threshold inquiry.  "To establish standing to sue for

10    trademark infringement under the Lanham Act, a plaintiff must show that he or she is either (1)

11    the owner of a federal mark registration, (2) the owner of an unregistered mark, or (3) a

12    nonowner with a cognizable interest in the allegedly infringed trademark." *Fleischer Studios,*

13    *Inc. v. A.V.E.L.A. Inc.*, 772 F. Supp. 2d 1155, 1167 (C.D. Cal. 2009), aff'd, 636 F. 3d 1115 (9th

14    Cir.), opinion withdrawn and superseded on denial of rehearing, 654 F.3d 958 (9th Cir. 2011).

15    "The strength of a mark is relevant to determining [] whether the mark is a valid, protectable

16    trademark." *Icon Enterprises Intern., Inc. v. American Products Co.*, No. CV 04-1240 SVW,

17    2004 WL 5644805, at *4 (C.D. Cal. Oct. 7, 2004).  Judicially noticeable documents that speak to

18    the strength of Plaintiff's mark are therefore quite relevant.

19       Exhibits A and B from the PTO web site are entitled to judicial notice.  See *Rodan &*

20    *Fields, LLC v. The Estee Lauder Companies, Inc.*, No. 10-CV-02451, 2010 WL 3910178 (N.D.

21    Cal. Oct. 5, 2010) (Koh, J.); *Super-Krete International, Inc. v. Sadleir*, 712 F. Supp. 2d 1023,

22    1029 n.1 (C.D. Cal. 2010); *Aten International Co., Ltd. v. Emine Tech. Co., Ltd.*, No. SACV 09-

23    0843 AG, 2010 WL 1462110, at *1 (C.D. Cal. April 12, 2010); *Sorenson v. Fein Power Tools*,

24    No. 09cv558 BTM, 2009 WL 3157487, at *1 n1 (S.D. Cal. Sept. 28, 2009); *Autodesk, Inc. v.*

25    *Dassault Systemes SolidWorks Corp.*, No. C 08-04397 WHA, 2008 WL 6742224, at *2, n1 (N.D.

26    Cal. Dec. 18, 2008).  Exhibit D consists of documents that are made available on the official web

27    sites of various states and so are similarly appropriate for judicial notice.  See *Bridge v. E*Trade*

28    *Securities LLC*, No. C-11-2521 EMC, 2011 WL 5444266, at *2 (N.D. Cal. Nov. 9, 2011) (taking

1  judicial notice of Securities and Exchange Commission Order as "publicly available"); *Daniels-*

2  *Hall v. National Educ. Ass'n*, 629 F.3d 992, 998-999 (9th Cir. 2010) (taking judicial notice of

3  public school district web site as it was made "publicly available by the government" and noting

4  that Fed. R. Evid. 201 allows judicial notice of facts "not subject to reasonable dispute in that it

5  is … capable of accurate and ready determination by resort to sources whose accuracy cannot

6  reasonably be questioned").

7      Plaintiff objects to the materials in Exhibit C, a FINRA record, because FINRA is a

8  "private company" and not "a public record." (Opp. p. 8)  Yet Plaintiff cannot seriously dispute

9  that an exhibit from the web site of FINRA, the largest independent regulator for United States

10  securities firms, is appropriate for judicial notice.  See, e.g., *Call v. Czaplicki*, No. 09-6561, 2011

11  WL 2532712, at *7 (D.N.J. June 23, 2011) (taking judicial notice of FINRA BrokerCheck report

12  "because it is a public document"); *Charles Schwab & Co., Inc. v. Carter*, No. 04 C 7071, 2005

13  WL 2369815, at *7 (N.D. Ill. Sept. 27, 2005) (taking judicial notice of report on web site of

14  NASD (FINRA's predecessor)); *Malhotra v. The Equitable Life Assurance Society of the United*

15  *States*, 364 F. Supp. 2d 299, 302 (E.D.N.Y. 2005) (taking judicial notice of facts in an NASD

16  Investor Alert); *In re Sterling Foster & Co., Inc. Sec. Lit.*, 222 F. Supp. 2d 216, 253 (E.D.N.Y.

17  2002) (taking judicial notice of Statement of Claim in a NASD hearing).

18      Defendant's exhibits demonstrate clearly the ubiquity of the term "Benchmark" as a

19  corporate name generally, and also specifically within the financial services industry.  Thus, even

20  the companies whose registrations Plaintiff complains are "inactive" are still useful to

21  demonstrate the sheer number of corporations that have selected "Benchmark" as a moniker.

22  "Benchmark" is such an obvious name that it constitutes a weak mark.

23      D.    Plaintiff's "Dispute" Of the Materials for which Judicial Notice Was
24           Requested Is Not Reasonable

25      Pursuant to Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not

26  subject to reasonable dispute in that it is either (1) generally known within the territorial

27  jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to

28  sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201 (emphasis added);

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

13

1   see also *Aten International Co., Ltd. v. Emine Tech. Co., Ltd.*, No. SACV 09-0843 AG, 2010 WL

2   1462110, at *1 (C.D. Cal. April 12, 2010).  Plaintiff unreasonably disputes Defendant's request

3   that the Court review its entire web site because of the supposed lack of "boundaries" or

4   direction as to "how" to take judicial notice of the web site.  Plaintiff poses ridiculous questions

5   as to what "Internet browser software, and what version of the browser software," or the "screen

6   size," "resolution," "color depth" and "hardware" should be used for the Court to take judicial

7   notice of the web page.  These complaints are red herrings to distract the Court from the fact that

8   Plaintiff relies heavily upon Defendant's web site in its Complaint and has therefore incorporated

9   it by reference.  The Court should be permitted to review the entire web site in order to view the

10  allegedly infringing portions as a consumer is likely to encounter them in the marketplace.  See

11  *M2 Software, Inc. v. Madacy Entertainment*, 421 F.3d 1073, 1082 (9th Cir. 2005) "the trademark

12  is [] judged … by viewing the trademark as a whole as it appears in the marketplace").

13  Consumers utilize different computers, different software, different screen sizes with different

14  resolution and color depth in order to view Defendant's web site, so ultimately, it does not matter

15  precisely how the Court chooses to view the web site, so long as it does in a fashion that will

16  permit it to view the allegedly offending materials that Plaintiff references in the Complaint, as a

17  consumer would view them in the marketplace.

18      Plaintiff's "dispute" of the "purported contents" of Exhibits A through D of the Lazar

19  Declaration is equally unreasonable. (J.N. Opp. p.7)  As discussed above, and contrary to

20  Plaintiff's statements, these documents are "publicly available."  Nor does Plaintiff's "dispute"

21  of the "contents" of these materials ultimately matter, because Plaintiff ultimately cannot dispute

22  the authenticity of these documents.  See *Dancy v. Aurora Loan Services*, LLC, No. C 10-2602,

23  2011 WL 835787 (N.D. Cal. March 4, 2011) (taking judicial notice of various documents

24  regardless of Plaintiff's objection that the documents were hearsay, where Plaintiff did not

25  dispute the authenticity of the documents.  "The Court may properly consider the documents at

26  issue in connection with Plaintiff's conclusory allegations").

27

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

14

1

<u>CONCLUSION</u>

2          For the foregoing reasons and those stated in Defendant's opening papers, the Complaint

3  should be dismissed in its entirety.

4  Dated:   December 12, 2011                    GORDON & REES LLP

5

6                                                           and

7                                                           PADUANO & WEINTRAUB LLP

8                                                           By:  /s/ Katherine B. Harrison
                                                                   Katherine B. Harrison
9                                                                   (*Pro Hac Vice*)

10                                                         Attorneys for Defendant
                                                            The Benchmark Company, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111