**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BENCHMARK CAPITAL HOLDINGS CO., LLC,**<br><br>Plaintiff,<br><br>vs.<br><br>**THE BENCHMARK COMPANY, LLC,**<br><br>Defendant. | Case No.: 11-CV-04883 YGR<br><br>**ORDER ON DISCOVERY DISPUTES** |

The parties have submitted three Joint Letters seeking the Court's assistance in resolving three discovery disputes. Generally summarized: The first dispute concerns Defendant's production of documents regarding consumer confusion. *See* Dkt. No. 57. The second dispute concerns Defendant's third party subpoenas for documents and depositions concerning consumer confusion. *See* Dkt. No. 58. The third disputes concerns Plaintiff's production of financial documents. *See* Dkt. No. 59.

Having carefully considered the papers submitted and after conducting a phone conference with counsel, the Court Orders as follows:

1) As to the first discovery dispute, Dkt. No. 57, Defendant shall produce responsive emails by no later than **July 31, 2012**.

2) As to the second discovery dispute, Dkt. No. 58, the Court will allow third party depositions of no longer than one hour. This is a trademark case that alleges consumer confusion and thus, and confusion by customers in Plaintiff's marketing channels has been placed at issue. Defendant can re-notice the non-party depositions after the party deposition are scheduled.

3) A hearing is hereby set for **Wednesday, August 1, 2012** at **9:00 a.m.** Personal appearance of lead counsel is required. By no later than **noon** on **Monday, July 30, 2012**, the parties shall file a joint letter informing the Court whether the parties have scheduled the party depositions. If the party depositions have been scheduled, then the hearing will be taken off calendar and no appearance will be required. If the party depositions have not been scheduled, then the parties shall also attach as exhibits to the joint letter any correspondence relating to scheduling the depositions. The Court will resolve the issues and determine whether sanctions are warranted.

4) As to the third discovery dispute, Dkt. No. 59, Plaintiff must produce responsive documents in documentary form by no later than **Friday, August 3, 2012**. Defendant must maintain these documents separately from other discovery material and maintain a log of all persons to whom the documents are disclosed. The Court will reserve ruling on whether Defendant may disclose the material to Professional Vendors.

5) Upon joint stipulation to extend the deadlines, the Wednesday morning conference may be continued.

6) The Court will not issue sanctions at this time.

**IT IS SO ORDERED.**

**Date: July 26, 2012**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**